

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 24, 2022**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARY SUE RIDDLE, | § | Case No.: 20-60075-RLJ-13 |
| | § | |
| Debtor. | § | |
| | § | |
| MARY SUE RIDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 21-06001 |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC and U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, | § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Defendants Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank

National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank")

(collectively, "Defendants") move under Rule 12(b)(6) to dismiss claims brought here by plaintiff Mary Sue Riddle.[1]  Riddle opposes the motion.  As explained below, the motion is granted in part and denied in part.

## BACKGROUND

On October 31, 2020, Riddle filed for bankruptcy under chapter 13 of the Bankruptcy Code.  The Court confirmed Riddle's chapter 13 plan almost a year later.  On December 4, 2020, Defendants filed a proof of claim in Riddle's bankruptcy case.  The proof of claim recites that Rushmore is the loan servicer for U.S. Bank, that U.S. Bank holds a mortgage on Riddle's home, and that Riddle owes U.S. Bank $190,484.83.  According to Riddle, she bought her home by a cash purchase in 1991.  Then, in December 2006, she obtained a home equity loan from Bank of America, N.A. ("Loan").  The note on the Loan provided that Riddle would repay the principal of $127,000.00 over a 15-year term at a 6.79% yearly interest ("Note").  In 2015, Bank of America assigned its interest in the Note to Christiana Trust, a Division of Wilmington Savings Fund Society.  By 2019, Christiana Trust had assigned the Note to U.S. Bank.

In 2016, Christiana Trust brought a judicial foreclosure action against Riddle in the United States District Court for the Northern District of Texas ("District Court Lawsuit").  Riddle responded with counterclaims back against Christiana Trust, asserting claims for breach of contract, violation of the Texas Debt Collection Practices Act ("TDCPA"), quiet title, and violation of the Real Estate Settlement Procedures Act ("RESPA").  She also sought a declaratory judgment that the Note was invalid under the Texas Constitution.  Christiana Trust filed a motion for summary judgment on all of Riddle's claims, which the District Court granted.  On March 10, 2020, the District Court entered a final judgment dismissing all of Riddle's claims

---

[1] "Rule" refers to a rule of the Federal Rules of Civil Procedure.  Rule 12 is applicable in bankruptcy proceedings under Rule 7012 of the Federal Rules of Bankruptcy Procedure.

and allowing foreclosure to proceed. *Christiana Tr. v. Riddle*, No. 6:16-CV-59-C (N.D. Tex. 2020). The Fifth Circuit affirmed the District Court's final judgment. *Christiana Tr. v. Riddle as next friend of Riddle*, 819 F. App'x 255, 257 (5th Cir. 2020).

On October 14, 2021, Riddle filed this adversary proceeding against Rushmore and U.S. Bank in her bankruptcy case. By her complaint ("Complaint"), Riddle says that U.S. Bank is not in rightful possession of the Note. She alleges causes against Rushmore and U.S. Bank for breach of the common law tort of unreasonable collection efforts, violation of the TDCPA, violation of the Fair Debt Collections Practices Act ("FDCPA"), violation of the Texas Constitution, quiet title, negligent misrepresentation, breach of contract, and violations of RESPA. She seeks forfeiture of the debt, an accounting, money damages, and a declaratory judgment from the Court that the home equity loan is invalid. Defendants now move to dismiss most of Riddle's claims under Rule 12(b)(6). They allege that some claims are not pleaded with sufficient particularity and that others are barred by res judicata as a result of the District Court's final judgment.

## DISCUSSION

### I.  Res Judicata

Defendants contend that Riddle's causes for violations of the Texas Constitution, quiet title, breach of contract, and a declaratory judgment are barred by res judicata. "Dismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010). "In ruling on a such a motion, '[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.'" *Id.*

(alteration in original) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)).

The doctrine of res judicata bars a party and its privies from relitigating issues that were or could have been raised in a prior action that received a final judgment on the merits. *Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 (5th Cir. 2010). For a claim to be barred by res judicata, four elements must be met: "the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases." *Id.* (quoting *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983)). "Additionally, where the four elements of the res judicata test are met, [a court] must also determine whether 'the previously unlitigated claim could or should have been brought in the earlier litigation.'" *Id.* (quoting *D–1 Enters., Inc. v. Com. State Bank*, 864 F.2d 36, 38 (5th Cir. 1989)).

In the District Court Lawsuit, Riddle brought counterclaims against Christiana Trust, the then-holder of the Note, based on alleged violations of the Texas Constitution. She argued then that Christiana Trust failed to send her a copy of all signed documents and a repayment schedule at closing and failed to acknowledge the fair market value of her property, all in violation of Texas Constitution, art. XVI, § 50(a)(6)(A)–(Q). Riddle argued that Christiana Trust's lien on her property was therefore invalid and foreclosure was unlawful. These arguments formed the basis of her claims for breach of contract, quiet title, and a declaratory judgment holding the Note invalid and void (collectively "Original Constitutional Claims").

Riddle now brings against Defendants, current holder of the Note, nearly identical claims to those brought in the District Court Lawsuit: claims for violation of the Texas Constitution, quiet title, breach of contract, and a declaratory judgment (collectively "New Constitutional

4

Claims"). The New Constitutional Claims are based on the same constitutional deficiencies raised in the District Court Lawsuit with one addition—Riddle now also claims the Loan was invalid because it exceeded 80% of the fair market value of Riddle's residence at the date credit was extended. Defendants contend the New Constitutional Claims are barred by res judicata. In support of their arguments, Defendants attached to their motion to dismiss several filings and orders from the District Court Lawsuit. These documents are matters of public record, *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012), and a court may take judicial notice of public records in deciding a motion to dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008). The Court therefore takes judicial notice of the public records attached to Defendants' motion.[2]

### a. Identity of Parties

Res judicata requires the parties to the two actions be the same or in privity. *Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020). The District Court Lawsuit was originally between Riddle and Christiana Trust; U.S. Bank intervened and became an additional party. Here, the suit was filed by Riddle against Rushmore and U.S. Bank. Although the Complaint alleges that U.S. Bank is not properly in possession of the Note, Riddle's claims are still based on the alternative assumption that U.S. Bank does indeed properly possess the Note and that Rushmore is U.S. Bank's mortgage service provider. Furthermore, the District Court's order allowing U.S. Bank to intervene was also based on U.S. Bank's receipt of the note through assignment. ECF No. 17-3, Exs. E, F.[3] Successors of a mortgage are deemed to be in privity

---

[2] This includes the following records from the District Court Lawsuit: Riddle's second amended complaint, Christiana Trust's brief in support of summary judgment, Riddle's brief in response to Christiana Trust's motion for summary judgment, the District Court's order granting Christiana Trust's motion for summary judgment, U.S. Bank's motion to intervene, the District Court's order granting the motion to intervene, the District Court's final judgment, Riddle's brief to the Fifth Circuit, the Fifth Circuit's opinion affirming the District Court's final judgment, the judgment as mandate, and Riddle's original complaint.

[3] "ECF No." hereinafter refers to the numbered docket entry in this adversary proceeding, No. 21-06001.

with their predecessors for res judicata purposes. *Butts v. JP Morgan Chase Bank*, No. 3-11-CV-2542-M-BD, 2011 WL 7109344, at *2 (N.D. Tex. Dec. 28, 2011), report and recommendation adopted, No. 3-11-CV-2542-M, 2012 WL 258269 (N.D. Tex. Jan. 27, 2012). Mortgage servicers are also in privity with mortgage owners for purposes of res judicata. *U.S. Bank Nat'l Ass'n v. Lamell*, No. 4:19-CV-2402, 2021 WL 954848, at *4 (S.D. Tex. Jan. 18, 2021), report and recommendation adopted, No. CV H-19-2402, 2021 WL 951881 (S.D. Tex. Mar. 11, 2021). Taking the District Court's order and the assumptions of the Complaint as true—that U.S. Bank is the successor of Christiana Trust over the Note and that Rushmore is the loan servicer of U.S. Bank—Rushmore is in privity with the original parties to the District Court Lawsuit. As U.S. Bank was also a party to the District Court Lawsuit, the first element of res judicata is therefore met.

### b. Final Judgment by Court of Competent Jurisdiction

Res judicata only applies if a final judgment was rendered on the original action by a court of competent jurisdiction. *In re Paige*, 610 F.3d at 870. The District Court entered a final judgment in the District Court Lawsuit that dismissed Riddle's claims and allowed U.S. Bank, after it intervened as the successor in interest to the Note, to proceed with foreclosure. Final Judgment, *Christiana Tr. v. Riddle*, No. 6:16-CV-59-C (N.D. Tex. Mar. 10, 2020). The District Court had diversity jurisdiction over the District Court Lawsuit because the amount in controversy exceeded $75,000 and there was complete diversity among the parties. Order Granting Motion for Summary Judgment, *Christiana Tr. v. Riddle*, No. 6:16-CV-59-C (N.D. Tex. Mar. 10, 2020); 28 U.S.C. § 1332. The Fifth Circuit affirmed the final judgment, thus implicitly approving of the District Court's and its own jurisdiction over the matter. *Christiana*

*Tr. v. Riddle as next friend of Riddle*, 819 F. App'x at 257. The second and third elements of res judicata are therefore met.

### c. Same Causes of Action

To determine whether the same cause of action from an earlier case is being asserted in a later case, courts in the Fifth Circuit employ the "transactional test," wherein "the preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *In re Paige*, 610 F.3d at 872 (alteration in original) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004)). The critical issue under the transactional test is whether the two claims are based on "the same nucleus of operative facts." *Id*. (quoting *Osherow v. Ersnt & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382, 386 (5th Cir. 2000)).

Riddle brought claims for breach of contract, quiet title, and declaratory judgment here and in the District Court Lawsuit. Riddle now additionally brings a claim for violation of the Texas Constitution, but that claim is based on identical facts to the other New Constitutional Claims. Riddle's claims in the District Court Lawsuit and here are based on failures of the original holder of the Note to comply with essential requirements of the Texas Constitution for lenders of home equity loans. The New Constitutional Claims are therefore based on "the same nucleus of operative facts" that formed the basis for the Original Constitutional Claims, and the fourth element of res judicata is therefore met. *Id.*

### d. Previously Un-litigated Claim Could or Should Have Been Raised

Res judicata also bars claims that could or should have been brought in a prior proceeding. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 173 (5th Cir. 1992). The bases for Riddle's New Constitutional Claims are essentially the same as those supporting the Original

7

Constitutional Claims, save the additional argument that the Loan was invalid because it exceeded 80% of the fair market value of Riddle's residence at the date credit was extended. But that argument could have been raised in the District Court Lawsuit because the value of the Loan and Riddle's home could or should have been known when Riddle filed the District Court Lawsuit.

All elements of res judicata have therefore been met to bar Riddle from prosecuting the New Constitutional Claims. Accordingly, Defendants' motion is granted as to Riddle's claims for breach of contract, quiet title, violation of the Texas Constitution, and a declaratory judgment.

## II. Failure to Plead with Sufficient Particularity

In addition to the New Constitutional Claims, Defendants argue that Riddle's claims for unreasonable debt collection, violation of the TDCPA,[4] violation of the FDCPA, accounting, and injunctive relief should be dismissed for failure to plead with sufficient particularity under Rule 12(b)(6). To avoid dismissal, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[5] "Though the complaint need not contain 'detailed factual allegations,' it must contain sufficient factual material that, accepted as true, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

---

[4] Specifically, Defendants seek dismissal of Riddle's claim regarding "escrow advances and amounts due." Based on the Complaint, it is evident Defendants are referring to the TDCPA claim.
[5] Incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7008.

In reviewing the Complaint, the Court must "draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). Furthermore, the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### a. Common Law Tort of Unreasonable Debt Collection

"Unreasonable debt collection is an intentional tort, … [and the] elements are not clearly defined … . Essentially, conduct giving rise to the tort includes 'efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Garcia v. Nueces Cnty. Emps. Credit Union*, No. 13-08-00209-CV, 2008 WL 4938271, at *7 (Tex. App.—Corpus Christi Nov. 20, 2008, no pet.) (quoting *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex. Civ. App.—Waco 1967, writ ref'd n.r.e.)). For unreasonable debt collection, Riddle's Complaint alleges that Rushmore and U.S. Bank "imposed late fees and interest on the Note and imposed numerous additional charges upon Plaintiff's mortgage loan account, refused to process Plaintiff's request for a loan modification, sent Plaintiff numerous misleading, untruthful, and inconsistent correspondence, slandered Plaintiff's credit reputation thereby causing her further economic damages." ECF No. 15 ¶ 22. Riddle alleges that she always maintained proper insurance on the property and that she never made late payments. *Id*. ¶ 28. She says her loan modification was not reviewed as required. *Id*. ¶ 14. The Complaint further alleges that Riddle "has suffered extreme and several [*sic*] mental anguish and emotional distress resulting in mental suffering." *Id*. ¶ 22. The behavior in Riddle's accusations, if true, could constitute collection efforts intended to inflict mental anguish on

Riddle. Riddle has therefore sufficiently pleaded her claim for unreasonable collection efforts, and Defendants' motion will be denied as to that claim.

### b. Violation of TDCPA

The TDCPA states, "in debt collection or obtaining information concerning a consumer, a debt collector may not … misrepresent[] the character, extent, or amount of a consumer debt … [or] us[e] any other false representation or deceptive means to collect a debt." TEX. FIN. CODE ANN. § 392.304(a)(8), (19). The statute further provides that a debt collector may not "collect[] or attempt[] to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation." *Id*. § 392.303(a)(2).

Regarding her claim for violation of the TDCPA, Riddle asserts:

> Through their communications and demands, Defendants misrepresented the amounts allegedly owed by Plaintiff on the home equity loan and imposed wrongful charges on Plaintiff's mortgage account. Further Defendants are in violation of a Consent Decree from the Federal Bankruptcy Court for its handling of escrow accounts and specifically charging Debtor for forced place insurance in excess of $6,000.00 when Debtor has had continuous homeowners' coverage with the same insurance company during the pendency of the loan…. There has never been a need for the Defendants to force the placement of hazard insurance on the property, and the Defendants' demand for payment of this charge is a violation of the Texas Finance Code as set out above.

ECF No. 15 ¶ 28. Taking the allegations as true—that Rushmore and U.S. Bank wrongfully charged Riddle an additional $6,000 and sought recovery of that amount from her—the Complaint plausibly raises violations of the TDCPA. Defendants' motion will thus be denied as to Riddle's TDCPA claim.

### c. Violation of FDCPA

Riddle's FDCPA claim is based on sections of that statute that require a debt collector to send a consumer a written notice of a debt within five days of communication regarding debt

collection. 15 U.S.C. § 1692g(a). Riddle also relies on a section that requires a debt collector to provide a consumer with the identity of the original creditor if requested by the consumer. *Id.* § 1692g(b). However, nowhere in the Complaint does Riddle allege that Rushmore or U.S. Bank failed to send this specifically required information to Riddle. Indeed, the section of the Complaint relating to the FDCPA claim merely states the legal requirements of the FDCPA and asserts Rushmore and U.S. Bank violated them. Because Riddle has failed to plead facts that support her FDCPA claim, Defendants' motion will be granted as to that claim.

### d. Accounting

A party may seek accounting as a remedy in conjunction with another action or as an independent claim. *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011). "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Wallingsford v. Chase Bank*, No. SA-12-CV-341-XR, 2013 U.S. Dist. LEXIS 19055, at *30 (W.D. Tex. Feb. 12, 2013) (quoting *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied)). A request for accounting may be dismissed under Rule 12(b)(6), whether it be brought as an independent claim or a remedy, if the plaintiff fails to plead specific facts that justify its employment. *Id.*; *Brown*, 2011 WL 2200605, at *2–3. Riddle asserts no facts to justify accounting in this case and merely "requests an Order for an accounting of all transactions on her home equity loan." ECF No. 15 ¶ 60. Defendants' motion will thus be granted as to Riddle's request for accounting.

### III. Conclusion

Defendants' motion to dismiss should be granted in part and denied in part. Riddle's claims for breach of contract, quiet title, violation of the Texas Constitution, and a declaratory

judgment are barred by res judicata and will be dismissed with prejudice.  Riddle has failed to plead her claim for violation of the FDCPA and her request for accounting with sufficient particularity to state a claim upon which relief can be granted.  At the hearing on the motion, Riddle requested an opportunity to amend her complaint.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).[6]  Riddle shall have twenty-one days to amend her complaint.  *See* Fed. R. Civ. P. 15(a)(1) (allowing twenty-one days after service to amend a complaint as a matter of course).  Riddle has adequately pleaded her claims for unreasonable collection efforts and violation of the TDCPA, and those claims will not be dismissed.

### End of Memorandum Opinion ###

---

[6] Incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7015.