

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 18, 2023**

**_____
United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MARY SUE RIDDLE, | § | Case No.: 20-60075-RLJ-13 |
| | § | |
| Debtor. | § | |
| _____ | § | _____ |
| | § | |
| MARY SUE RIDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 21-06001 |
| RUSHMORE LOAN MANAGEMENT | § | |
| SERVICES, LLC and U.S. BANK | § | |
| NATIONAL ASSOCIATION AS | § | |
| LEGAL TITLE TRUSTEE FOR | § | |
| TRUMAN 2016 SC6 TITLE TRUST, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank

National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank")

(collectively, "Defendants") move to dismiss this action for lack of standing. Defendants

1

contend that plaintiff Mary Sue Riddle has failed to adequately "plead" and "prove" an injury in fact and therefore cannot pursue her causes of action. The Court disagrees. Riddle has pleaded an injury in fact for the purposes of standing; the sufficiency of proof of any injury will be addressed at trial.

## BACKGROUND

On October 31, 2020, Mary Sue Riddle filed her chapter 13 petition. Case No. 20-60075, ECF No. 1. Defendants filed a Proof of Claim for $190,484.83 on December 4, 2020; they assert the claim is secured by a lien on Riddle's home.[1] Case No. 20-60075, Claim No. 2.

Riddle filed this adversary proceeding to invalidate Defendants' lien under 11 U.S.C. § 506(d). Adv. No. 21-06001. She filed her initial complaint on October 14, 2021. ECF No. 1.[2] She then filed two amended complaints, the first on December 30, 2021 and the second on June 14, 2022. ECF Nos. 15 & 34.

Riddle's second amended complaint ("Complaint") asserts five causes of action. She alleges Defendants are liable for (1) unreasonable collection practices, (2) violations of the Texas Consumer Credit Code/Debt Collection Practices Act, (3) violations of the Fair Debt Collections Practices Act, (4) negligent misrepresentations and gross negligence, and (5) violations of the Real Estate Settlement Procedures Act. ECF No. 34. The specific damages that Riddle alleges she suffered are loss of creditworthiness, mental anguish and acute physical distress, loss of title to her home, "exemplary damages," and attorney's fees and court costs. *Id*. ¶ 51.

Trial is set for September 26 and 27, 2023. ECF No. 88. On August 10, 2023, Defendants filed their motion to dismiss Riddle's suit, contending that Riddle does not have

---

[1] In ruling on a summary judgment motion, the Court ruled that "U.S. Bank, with Rushmore as servicer, is the holder of the debt at issue and the mortgagee on the loan." Adv. No. 21-06001, ECF No 64.
[2] "ECF No." refers to the docket entry number in Adversary No. 21-06001, unless otherwise stated.

2

standing to pursue her claims against them. ECF Nos. 91 & 92. Standing is an issue of subject matter jurisdiction. *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). And under Rule 12(h)(3) of the Federal Rules of Civil Procedure, courts must dismiss an action "at any time" if it determines it lacks subject matter jurisdiction.[3]

The motion to dismiss was set for hearing on September 12, 2023. ECF No. 93. Riddle filed her response opposed on August 31, 2023 [ECF No. 94], which elicited a reply from Defendants on September 6, 2023 [ECF No. 95]. On September 7, 2023, the Court advised the parties that the motion to dismiss would be decided on the pleadings and canceled the September 12 hearing. ECF No. 96.

**DISCUSSION**

Defendants contend that Riddle lacks standing to bring her claims because she has neither pleaded nor shown she suffered an injury that confers standing.[4] ECF Nos. 91 & 92.

Standing is a doctrine growing from the "traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). That understanding is important because the federal judicial power is confined to "cases" and "controversies" under Article III of the Constitution.[5] *TransUnion LLC v. Ramirez*, 594 U.S. ---, 141 S. Ct. 2190, 2203 (2021). The case or controversy requirement means that "the plaintiff must have a personal stake in the case—in other words, standing." *Id*. (internal quotation marks omitted). A plaintiff must

---

[3] Rule 12 is made applicable to adversary proceedings through Rule 7012 of the Federal Rules of Bankruptcy Procedure.
[4] Defendants' motion is not precisely clear on whether they are arguing that Riddle must have pleaded or provided evidence of her alleged injury at this point. Defendants' brief states: "Plaintiff has failed to sufficiently plead … that she suffered actual damages. Neither has she produced in discovery [any] evidence of damages." ECF No. 92 ¶ 15. Later in the brief, Defendants indicate that Riddle failed to meet her burden of demonstrating standing at the summary judgment stage. ECF No. 92 ¶ 12 ("[I]n her Response to Defendants' Motion for Summary Judgment, Plaintiff did not address the lack of damages argument. Therefore, … Plaintiff has no standing to purs[u]e her FDCPA claim.").
[5] But despite the reality that "[b]ankruptcy courts are not Article III creatures bound by traditional standing requirements," *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018), bankruptcy courts are limited by the requirements of constitutional standing. *In re Pointer*, 952 F.2d 82, 85–86 (5th Cir. 1992).

maintain standing "at all stages of litigation … with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 2208 (internal quotations removed). And a plaintiff must demonstrate standing for each claim he asserts and each form of relief he seeks. *Id*.

A plaintiff demonstrates his standing (or "personal stake") in a matter by showing "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id*. at 2203. Here, Defendants take issue with what they contend is Riddle's failure to satisfy the first prong of the test—the injury-in-fact requirement.

To satisfy the injury-in-fact portion of standing, the injury must be "concrete," meaning it must be "real, and not abstract." *Id*. at 2204. To determine what is a concrete injury, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts."[6] *Id*. Intangible harms can be concrete. *Id*. ("Those include, for example, *reputational harms*, disclosure of private information, and intrusion upon seclusion." (emphasis added)). The injury must also be "particularized." An injury is "particularized" when it affects the plaintiff in a "personal and individual way." *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

Each of Riddle's claims will be analyzed with the above framework in mind. At the outset, it is also worth mentioning that Defendants refer to Riddle's failure to "plead and prove"

---

[6] The Fifth Circuit recently emphasized that to determine standing, the focus is on the type of harm rather than the level of harm suffered. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822 (5th Cir. 2022) ("So a plaintiff doesn't need to demonstrate that the level of harm he has suffered would be actionable under a similar, common-law cause of action. But he does need to show that the type of harm he's suffered is similar in kind to a type of harm that the common law has recognized as actionable. If he can't do that, he hasn't suffered a concrete injury and doesn't have standing to bring suit.").

4

her injury—specifically that she failed to "plead and prove a concrete injury in fact … ." *See* ECF Nos. 95 ¶ 2, 92 ¶ 31. Deciding if Riddle "proved" an injury in fact at this stage is premature. The Court will wait until trial to determine if Riddle "proved" she suffered an injury.

*Cause of Action 1: Unreasonable Collection Efforts*

Beginning with her first cause of action, Riddle alleges that Defendants committed unreasonable collection efforts, thus violating the common law in the State of Texas. ECF No. 34 ¶¶ 24–27. Her Complaint describes injuries including: "loss of credit and damages to credit reputation, and mental anguish and emotional distress … ." *Id.* ¶ 27. Defendants contend such allegations are insufficient to satisfy standing. ECF No. 92 ¶¶ 28–30. But "*[l]oss of credit is recoverable as actual damages* in a suit where damage to credit was the necessary and usual result of the defendant's actions." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 873 (Tex. App.—Dallas 2008, no pet.) (emphasis added) (citing *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 688 (Tex. 1981)). Riddle says Defendants improperly imposed late fees and interest, refused to process Riddle's loan modification, made improper statements, and "slandered" Riddle's credit reputation. ECF No. 34 ¶ 26. Riddle has sufficiently pleaded an injury that may give rise to actual damages.

*Cause of Action 2: Violation of the Texas Consumer Credit Code/Debt Collection Practices Act*

Riddle's next cause of action hinges on alleged violations of the Texas Debt Collection Practices Act and the Texas Finance Code. A defendant's statutory violations, alone, do not confer standing onto a plaintiff; "standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. As Defendants highlight, the Fifth Circuit interpreted the Texas Debt Collection Practices Act to require a plaintiff suffer "actual damages" to have standing. *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015).

5

But the Fifth Circuit goes further, in the next paragraph of the cited case, by acknowledging that "[u]nder Texas law, *mental anguish* is a form of 'actual damages.'" *Id*. (emphasis added).

In her Complaint, Riddle says that Defendants' violations resulted in various harms, including wrongful charges, damage to her credit and credit reputation, mental anguish, and emotional distress. ECF No. 34 ¶¶ 32–33. Riddle has sufficiently pleaded an injury to satisfy standing to bring her second cause of action.

*Cause of Action 3: Violations of the Fair Debt Collections Practices Act*

Riddle's third cause of action alleges that Defendants violated the Fair Debt Collections Practices Act. Defendants look to *Perez v. McCreary, Veselka, Bragg & Allen, P.C.* to show that the Fifth Circuit does not recognize the injuries alleged by Riddle are concrete injuries that satisfy standing. 45 F.4th 816, 822 (5th Cir. 2022). In *Perez*, a plaintiff brought an action for violations of the Fair Debt Collections Practices Act. *Id*. at 820. To support her standing, the plaintiff alleged she suffered injuries including violations of her statutory (FDCPA) rights, the increased risk that she would make a payment on time-barred debts, the confusion she suffered, lost time, and intrusion upon seclusion. *Id.* at 823–26. The Fifth Circuit held that each alleged injury was not an injury traditionally recognized by American courts.[7] *Id*. Riddle, in the section of her Complaint where she describes the alleged violations of the FDCPA, fails to explicitly mention an injury (although she does contest charges and fees and the debt claimed by Defendants). ECF No. 34 ¶¶ 37–42. Nonetheless, when Riddle pleaded other causes of action and the damages she suffered, she claimed injuries that are traditionally recognized by courts and

---

[7] In explaining why intrusion upon seclusion was not supported in *Perez*, the court stated that receiving a single letter (which was sent in *Perez*) was not the kind of injury that Congress intended to cover in the specific provisions of the FDCPA for which the plaintiff brought suit. *Perez*, 45 F.4th at 825–26. And even if the plaintiff brought suit under the FDCPA's harassment provisions, one letter is not "repeatedly or continuously" and thus cannot cause an injury to support standing. *Id*. at 826 (citing 15 U.S.C. § 1692d(5)).

6

closely related to the alleged violations of the FDCPA—injuries like "loss of creditworthiness" and "[m]ental anguish and acute physical distress." *Id*. ¶ 51. As mentioned above, the proof of such injuries can and should be addressed at trial; as pleaded, Riddle has standing to pursue her claim under the FDCPA.

*Cause of Action 4: Negligent Misrepresentation/Gross Negligence*

Riddle alleges that Defendants are liable for negligent misrepresentations and gross negligence. ECF No. 34 ¶¶ 43–45. Her Complaint does not explicitly list the damages she alleges were caused by negligent misrepresentations and gross negligence, but the Complaint alleges harms in the form of loss of creditworthiness and mental distress. *Id*. ¶ 51. Having pleaded an injury, Riddle has standing to bring her claim against Defendants.

Defendants argue that Riddle failed to show, or plead, she suffered a pecuniary loss, which is a required showing for a negligent misrepresentation charge.[8] Loss of credit, however, can be a monetary loss. Whether such injury did manifest is a question best saved for trial.

*Cause of Action 5: Violations of Real Estate Settlement Procedures Act*

In her final cause of action, Riddle alleges Defendants are liable for "abusive practices" in violation of the Real Estate Settlement Procedures Act. ECF No. 34 ¶ 46. Like her causes of action 3 and 4, Riddle does not explicitly state the injuries she seeks to redress in this cause of action. And like those causes, the injuries Riddle alleges are sufficient to support her standing pre-trial; the question of proof is best reserved for when proof is presented.

---

[8] The elements of a negligent misrepresentation claim are: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) *the plaintiff suffers pecuniary loss* by justifiably relying on the representation." *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (emphasis added).

## CONCLUSION AND ORDER

Riddle has pleaded an injury sufficient to maintain her standing to bring suit on her five causes of action. The issue of proof of her injuries should be addressed at trial. It is, therefore, ORDERED that Defendants' motion to dismiss is denied.

### End of Memorandum Opinion and Order ###